IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE AGEE,

    Plaintiff,                        No. CIV S-06-357 DFL KJM PS

    vs.

JOHN DURRANCE, et al.,          ORDER AND

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motions to dismiss, motions for summary judgment and motions to declare plaintiff a vexatious litigant are pending before the court. No opposition to any of the pending motions was timely filed. By order filed March 31, 2006, hearing on all the pending motions was continued to May 24, 2006 and plaintiff was given additional time in which to file opposition to defendants' motions and was cautioned that failure to file opposition would be deemed as a statement of non-opposition. Plaintiff again failed to file opposition and failed to appear at the hearing. Defendants' counsel were present, as reflected in the minutes of the hearing.

        The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567

1

(9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case. Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Plaintiff has imposed an undue burden both on this court and the defendants by naming the same, numerous defendants over and over again in multiple federal court proceedings. In this case, plaintiff again has filed suit against the same constellation of defendants named in prior proceedings, alleging several of the same grievances raised in prior lawsuits, in what appears to be nothing more than an attempt to harass the defendants. Although the court will not declare plaintiff a vexatious litigant at this time,[1] it appears that the first two factors under Al-Torki weigh particularly heavily against plaintiff given his past litigious activities. Regarding the third factor, defendants already have briefed their motions, and would be prejudiced by the need for further litigation of this

---

[1] The undersigned finds plaintiff's action in prosecuting the instant federal case is treading on the vexatious, if it has not already breached that line. The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits). Plaintiff is cautioned that further initiation of federal actions raising the same claims as in prior suits may result in a declaration of plaintiff as a vexatious litigant in this court and the requirement that plaintiff post a bond in order to continue prosecution of any federal action.

matter despite plaintiff's non-responsiveness.  Despite having briefed their motions, defendants' counsel at hearing indicated their non-opposition to dismissal for lack of prosecution.  Moreover, the delay contributed to by plaintiff's nonresponsiveness is itself generally prejudicial – witness memories fade and evidence becomes stale or undiscoverable.  In addition, plaintiff's actions required the appearance at hearing of seven different lawyers, all representing different clients, many of whom are employed by public agencies.  Such an enormous waste of governmental resources should not be countenanced.  While the fourth factor favors resolution on the merits, in this case plaintiff has repeatedly declined to oppose even one of the numerous pending motions despite a generous extension of time and thus has precluded the court's evaluation of the potential merits of such an opposition.  Under these circumstances, the fourth factor is outweighed by the others.

        Focusing on the fifth <u>Al-Torki</u> factor and warning regarding imminent dismissal, as required by <u>Oliva</u>, the court in its March 31, 2006 order allowing the extension of time has advised plaintiff that this action is subject to dismissal, directed plaintiff to file opposition, and granted ample additional time for plaintiff to oppose the pending motions after he failed to timely oppose defendants' motions, all to no avail.  The court therefore concludes there is no suitable, alternative less drastic sanction to dismissal.

        Accordingly, IT IS HEREBY ORDERED that the motion to declare plaintiff a vexatious litigant is denied without prejudice; and

        IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: May 25, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
agee.nop.57